# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

PIRATE SHIP LLC , a Wyoming limited liability company,

              Plaintiff,

v.

RENAD BADER, HANAN ALABED, LAMIS ALABED, and NOOR ALABED,

              Defendants.

Case No.

## COMPLAINT

Plaintiff, PIRATE SHIP LLC ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, RENAD BADER, HANAN ALABED, LAMIS ALABED, and NOOR ALABED (collectively, "Defendants") and states as follows:

## PARTIES,  JURISDICTION AND VENUE

1.     This is an action for breach of contract, fraud, common law indemnification and unjust enrichment.

2.     Plaintiff is a Wyoming limited liability company with its principal place of business located in Wyoming.  Plaintiff's sole member is another Wyoming limited liability company whose members are foreign citizens or citizens of Wyoming.

3.     Renad Bader is a citizen and resident of Miami-Dade County, Florida.

4.     Hanan Alabed is a citizen and resident of Miami-Dade County, Florida.

5.     Lamis Alabed is a citizen and resident of Washington, D.C. Lamis Alabed has the requisite minimum contacts with the state of Florida for the purpose of personal jurisdiction,

pursuant to his participation in the subject fraudulent conspiracy, which was headquartered and operated from real property located in Miami-Dade County, Florida.

6.      Noor Alabed is a citizen and resident of Broward County, Florida.

7.      This Court has jurisdiction over this action based upon diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), for a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8.      This Court has personal jurisdiction over each of the Defendants.

9.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims originated from or occurred in Miami-Dade County, Florida.

## FACTS COMMON TO ALL COUNTS

10.     Plaintiff provides affordable shipping labels to its customer via Plaintiff's pre-negotiated rates with United States Postal Service ("USPS") and United Postal Service ("UPS").

11.     In order to take advantage of Plaintiff's services, customers are required to set up a free account at www.pirateship.com.

12.     To create an account, customers are required to provide their full name, address, and email address. Customers may also provide a company name.

13.     In order to purchase a shipping label through Plaintiff, customers are also required to add a debit or credit card for payment.

14.     The costs of shipping labels are calculated by the items dimensions, i.e. its length, height, and weight. The larger the item's dimensions, the more expensive the shipping.

15.     Customers manually enter the item's dimensions on Plaintiff's website.

16.     Plaintiff then orders the shipping labels from USPS or UPS (the "Carrier") based

on the information provided by the customer.

17.     The Carrier verifies the item's dimensions upon receipt. If the item's dimensions are larger than the dimension entered by the customer then the Carrier adjusts the price and passes the extra costs back to Plaintiff. Plaintiff then deducts that extra cost from the credit or debit card associated with the customer's account.

18.     These price adjustments are referred to as "Carrier Adjustment(s)" (hereinafter referred to as "Carrier Adjustment(s)") on Plaintiff's website and are disclosed to customers as part of the terms of conditions of every order made thereon. No order of shipping labels on Plaintiff's website can be completed without the accepted of terms of conditions. As such, all customers are aware of their full responsibility for Carrier Adjustments.

19.     Between August 2020 through December 2021, Defendants created multiple customer accounts on Plaintiff's website.

20.     The various customer accounts created by Defendants use one of the two following address: 149 NW 27th Street, Miami-Dade County, Florida 33135 and 14931A NW 27th Avenue, Miami-Dade County, Florida, 33054.

21.     Defendants also used fictitious company names, which, upon information and belief, are not registered to do business in the State of Florida.

22.     On multiple occasions, Defendants intentionally entered false item dimensions when purchasing shipping labels from Plaintiff.

23.     When the Carrier discovered the correct dimensions of the items, it issued a Carrier Adjustment to Plaintiff. When Plaintiff attempted to deduct the cost of the Carrier Adjustment from the debit or credit card associated with Defendants' customer accounts, Plaintiff discovered that Defendants had cancelled the cards. As such, Plaintiff was forced to pay the debt owed by

Defendants.

24.     At least 45% of all shipping labels ordered by Defendants resulted in Carrier Adjustments for a total amount of $186,921.91.

25.     In total, Plaintiff is owed $186,921.91 in connection with Defendants' breach of contract and deliberate scheme to defraud Plaintiff.

26.     All conditions precedent have been met or waived prior to bringing this action.

## COUNT I - BREACH OF CONTRACT

27.     Plaintiff re-alleges the allegations made in paragraphs 1-25 above as if fully stated herein.

28.     A valid contract exist between Plaintiff and Defendants by way of the Defendants ordering of shipping labels from Plaintiff and Plaintiff's delivery of the same.

29.     Pursuant to the terms of the contract, as described in terms of conditions accepted by the Defendants, Defendants are responsible for payment of any and all Adjustment Costs issued by the Carrier.

30.     Defendants' failure to pay for the Adjustment Costs is a breach of the contract between the parties.

31.     Plaintiff has been damaged by Defendants' breach of the contract in the amount of $186,921.91.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants for damages totaling $186,921.91 and any other and further relief this Court deems just and proper.

## COUNT II - FRAUDULENT MISREPRESENTATION

32.     Plaintiff re-alleges the allegations made in paragraphs 1-25 above as if fully stated herein.

33.     This is an action for fraudulent misrepresentation.

34.     Defendants repeatedly provided false item dimensions when ordering shipping labels through Plaintiff.

35.     Defendants intended for Plaintiff to rely on the false item dimensions when calculating the cost of shipping labels.

36.     Plaintiff did in fact rely on the false item dimensions when calculating the costs of shipping labels.

37.     Defendants also falsely ensured Plaintiff could reasonably rely on Defendants' representations by connecting credit and debit cards to their customer accounts. Plaintiff reasonably believed these cards could be charged in the event of a Carrier Adjustment.

38.     Defendants, however, never intended to pay for any Carrier Adjustments.

39.     At least 45% of all shipping labels ordered by Defendants resulted in Carrier Adjustments for a total amount of $186,921.91.

40.     Defendants have refused to pay for the Carrier Adjustments

41.     Plaintiff has been damaged in the amount of $186,921.91 as a direct and proximate cause of Defendants' misrepresentations.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants for damages totaling $186,921.91 and any other and further relief this Court deems just and proper.

312857696.5

## COUNT III - CONSPIRACY TO COMMIT FRAUD

42.     Plaintiff re-alleges the allegations made in paragraphs 1-25 as if fully stated herein.

43.     This is an action for conspiracy to commit fraud.

44.     Defendants intended to defraud Plaintiff by using Plaintiff's services with intentionally false item dimensions.

45.     In furtherance of the fraud, Defendants created multiple accounts on Plaintiffs website. All of the customer accounts are registered at the same two physical addresses.

46.     Each of the Defendants then defrauded Plaintiff by ordering shipping labels with intentionally false item dimensions and refusing to pay the Carrier Adjustments issued by the Carrier.

47.     Plaintiff has been damaged in the amount of $186,921.91 as a direct and proximate cause of Defendants' conspiracy to commit fraud.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants for damages totaling $186,921.91 and any other and further relief this Court deems just and proper.

## COUNT IV  - COMMON LAW INDEMNIFICATION

48.     Plaintiff re-alleges the allegations made in paragraphs 1-25 as if fully stated herein.

49.     This is an action for common law indemnification.

50.     A special relationship exists between the parties by way of Defendants use of Plaintiff's services and Defendants' obligation to reimburse Plaintiff for any payment of Carrier Adjustments made on behalf of Defendants.

51.     Plaintiff ordered the shipping labels from the Carrier based on the false item dimensions provided by Defendants.

312857696.5

52.     At least 45% of all shipping labels ordered were adjusted by the Carrier.

53.     Because Defendants do not have a direct relationship with the Carrier, the Carrier passed the Carrier Adjustments to Plaintiff.

54.     Plaintiff was unable to recoup the cost of the Carrier Adjustments due to Defendants cancelling the credit and debit cards associated with their accounts.

55.     Defendants are wholly at fault for the Carrier Adjustments issued by the Carrier.

56.     Plaintiff has been forced to pay Carrier Adjustments totaling $186,921.91 based on no fault of its own.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants for damages totaling $186,921.91 and any other and further relief this Court deems just and proper.

### COUNT V (IN THE ALTERNATIVE TO COUNT I) - UNJUST ENRICHMENT

57.     Plaintiff re-alleges the allegations made at paragraphs 1-25 as if fully stated herein.

58.     This is an action for unjust enrichment.

59.     Plaintiff has conferred a benefit on Defendants in the amount of $186,921.91 by paying Carrier Adjustments that are the sole responsibility of the Defendants.

60.     Defendants have retained the benefit conferred by Plaintiff by failing to reimburse Plaintiff for the Carrier Adjustments.

61.     It would be unjust for Defendants to retain to the benefit conferred by Plaintiff without just compensation.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants for damages totaling $186,921.91 and any other and further relief this Court deems just and proper.

Dated: July 20, 2022

**K&L GATES LLP**
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, Florida  33131
Telephone:  305-539-3300
Facsimile:  305-358-7095

By:     */s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No. 0956872
Jonathan.morton@klgates.com
Rasheem M. Johnson
Florida Bar No. 1011350
Rasheem.johnson@klgates.com

*Attorneys for Plaintiff Pirate Ship LLC*

312857696.5